# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL R. JONES,
　　　　　　Appellant,

　　　　v.

OFFICE OF PERSONNEL
　MANAGEMENT,
　　　　　　Agency.

DOCKET NUMBER
SF-0831-14-0651-I-1

DATE: January 20, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Michael R. Jones, Corona, California, pro se.

Roxann Johnson, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant retired effective August 1, 2013 under the Civil Service Retirement System (CSRS). Soon thereafter, he questioned whether his application was being handled properly and he began contacting the Office of Personnel Management (OPM) to inquire about the nature of his retirement and to ensure that his annuity was correctly calculated. Eventually, OPM issued a May 27, 2014 letter containing some information as to how his annuity was calculated. Initial Appeal File (IAF), Tab 7 at 5. The letter did not contain notice of the appellant's right to seek reconsideration before OPM. *Id.*

¶3      The appellant thereafter filed an appeal before the Board. Because it appeared that OPM had not issued an appealable final decision, the administrative judge ordered the appellant to submit evidence and argument establishing the Board's jurisdiction over his appeal. IAF, Tab 2 at 2. In response, the appellant filed notice that he wished to withdraw his appeal, but the administrative judge denied the appellant's request to withdraw because it did not reflect an understanding that withdrawal is an act of finality. IAF, Tab 3, Tab 5, Tab 8 at 2. The appellant objected to the administrative judge's ruling and he also argued

that OPM's May 27, 2014 letter was not a final decision appealable to the Board. IAF, Tab 8 at 1-7.

¶4    The administrative judge issued an initial decision on the written record dismissing the appeal for lack of jurisdiction. Initial Decision (ID) at 4-5. He found that OPM had not yet issued an appealable decision and that the appellant had not established that he had rights or interests under the CSRS that were affected by OPM's acts. ID at 5.

¶5    The Board generally lacks jurisdiction to hear an appeal of a retirement matter before OPM has issued a final decision on the matter and, accordingly, will dismiss the appeal. *See Ramirez v. Office of Personnel Management*, 114 M.S.P.R. 511, ¶ 7 (2010). The Board has recognized an exception to that general rule, however, when OPM has failed to render a decision. *Id.* Dismissal in such a case could effectively prevent an appellant from obtaining an adjudication of his claim. *Id.* The Board therefore will take jurisdiction, even absent an OPM final decision, when the appellant has repeatedly requested such a decision and the evidence indicates that OPM does not intend to issue a final decision. *Id.*

¶6    This, however, is not such a case. OPM has indicated that it intends to treat its May 27, 2014 letter as if it were an initial decision and to issue a reconsideration decision on the appellant's case. IAF, Tab 7 at 4. OPM's representation that it intends to issue a final decision weighs significantly against a finding of jurisdiction. *See Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 15 (2014). The appellant may have repeatedly contacted OPM to request answers to his questions, but the Board has found that it lacks jurisdiction based on OPM's failure to issue a final decision for much longer delays than exist in this case. *See Hasanadka v. Office of Personnel Management*, 116 M.S.P.R. 636, ¶¶ 20-22 (2011). Moreover, because the Board lacks jurisdiction over this appeal, it lacks jurisdiction to consider the appellant's arguments concerning the merits of his claim, the procedures employed by the

regional office, or the administrative judge's failure to sanction OPM for submitting its file properly. Under the circumstances, we find that the administrative judge correctly dismissed this appeal for lack of jurisdiction.

¶7       On review, the appellant continues to object to the administrative judge's refusal to allow him to withdraw his appeal. Petition for Review File, Tab 1 at 7-9. Because the appellant intended to withdraw his appeal without prejudice to refiling, the administrative judge correctly denied his request. The Board will not honor a request to withdraw an appeal unless it is clear, unequivocal, and decisive and reflects an understanding that withdrawal is an act of finality, i.e., a dismissal with prejudice, and the appellant's request to withdraw his appeal clearly did not meet this standard. *See Cason v. Department of the Army*, 118 M.S.P.R. 58, ¶ 5 (2012). The appellant retains the right to file a new appeal concerning these matters once an appealable action has occurred, that is, once OPM has issued a final decision on his case or has indicated that it does not intend to issue a final decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.